MARSHALLTOWN BANK v. KENNEDY ET AL.

1. Jurisdiction: CONSENT: JUSTICE OF THE PEACE. A clause in a promissory note consenting that a justice of the peace may have jurisdiction in an action for its collection to the amount of three hundred dollars is valid, and confers jurisdiction upon any justice who would, otherwise, have had jurisdiction in such action but for the statutory limitation to one hundred dollars.

*Appeal from Marshall Circuit Court.*

TUESDAY, APRIL 20.

ACTION on a promissory note before a justice of the peace; judgment was rendered for plaintiff for two hundred and

forty-seven dollars and sixty cents; also, for twenty-two and 36-100 dollars attorney's fee and costs.

The defendants sued out a writ of error from the Circuit Court, where the judgment of the justice was affirmed, and the defendants appeal.

*Sears & Stone*, for appellants.

*O. L. Binford*, for appellee.

SEEVERS, J.—The note sued on contained this provision: "Consent is hereby given that a justice of the peace may
1. JURISDIC- have jurisdiction on this note to the amount of
TION : con- three hundred dollars." The amount of the note
sent : justice
of the peace. was two hundred and forty-four dollars and sixty-
five cents, and it drew interest when due at the rate of ten per cent per annum. It also provided for a reasonable attorney's fee.

The principal question for determination is, whether the justice of the peace had jurisdiction: the amount in controversy being more than one hundred dollars.

The constitution, article 11, section 1, and the statute, Code, § 3508, both provide that the "jurisdiction of justices of the peace shall extend to all civil actions (except cases in chancery, and cases where the question of title to real estate may arise) where the amount in controversy does not exceed one hundred dollars, and, by consent of parties, may be extended to any amount not exceeding three hundred dollars."

The point made is, that consent has not been shown—that consent means agreement, and that it does not appear the plaintiff agreed or consented that a justice should have jurisdiction. It is further urged that the justice was not designated, and, therefore, the plaintiff might bring the action before any justice in the county, and that if such could be done other provisions of the statute would be violated.

It occurs to us this argument, if it proves anything, proves too much. For it can be said, with just the same propriety,

that the action could be brought before any justice in the State. What was meant by the parties was that the action might be brought before any justice who, but for the amount in controversy, would have jurisdiction. Nothing was waived but that.

The justice, we think, had jurisdiction for two sufficient reasons. By accepting the note the plaintiff consented that the proper justice should have jurisdiction. Whether, thereby, other courts were ousted of jurisdiction we have no occasion to determine.

There is no doubt as to the consent of the defendants. This was given in the form of a continuing offer, and was binding when accepted by the plaintiff unless previous thereto such consent was withdrawn, as it possibly might have been. The consent of the plaintiff is shown by bringing the suit before the justice. It is urged that the amount allowed as attorney's fees is excessive, and that the allowance was made without evidence showing the amount to be reasonable.

It is sufficient to say that the record fails to show whether evidence was introduced or not, and that error must affirmatively appear.

AFFIRMED.